1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

| | |
|---|---|
| STEPHEN DOUGLAS KAUFMAN, | CASE NO. C10-5445 RJB |

12

Petitioner,

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING
PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING
CERTIFICATE OF
APPEALABILITY

13

v.

14

PAT GLEBE,

15

Respondent.

16      This matter comes before the Court on the Report and Recommendation of Magistrate

17   Judge J. Richard Creatura.  Dkt. 26.  The Magistrate Judge recommends that Petitioner's petition

18   for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of

19   appealability be denied.  *Id*.  Petitioner has filed objections to the Report and Recommendation.

20   Dkt. 27.  The Respondent has filed a response to Petitioner's objections.  Dkt. 28.  The Court has

21   considered the relevant documents and conducted a *de novo* review of the record.

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 1

1

**INRODUCTION AND BACKGROUND**

2      Petitioner Stephan Douglas Kaufman is a Washington state prisoner who was convicted

3 by jury verdict of murder in the second degree and two counts of rape of a child in the third

4 degree.  He was originally sentenced to a total of 285 months, but following remand the sentence

5 was reduced to 244 months.  After pursuing state remedies, Petitioner filed a petition for writ of

6 habeas corpus and an amended petition under 28 U.S.C. § 2254 with this Court.  Dkt. 1 & 23.

7      Petitioner raises three grounds for relief: (1) Petitioner challenges an evidentiary ruling

8 denying the admission of circumstantial evidence that petitioner claims shows another person

9 committed the murder; (2) Petitioner claims ineffective assistance of trial counsel because,

10 allegedly, his counsel did not investigate the involvement of another person; (3) Petitioner also

11 claims actual innocence.  The Magistrate Judge found the first ground for relief to be without

12 merit because Petitioner fails to link the other person to the murder.  His second ground for relief

13 is unexhausted and procedurally barred.  As to the third ground for relief, Petitioner fails to show

14 actual innocence.  Dkt. 26 pp. 9-19.  The Magistrate Judge further found that Petitioner was not

15 entitled to a certificate of appealability because he failed to demonstrate that jurists of reason

16 could disagree with the district court's resolution of his constitutional claims or that jurists could

17 conclude the issues presented are adequate to deserve encouragement to proceed further.  Dkt. 26

18 pp. 18-19.

19      Petitioner objects to the Magistrate's Report and Recommendation as to the three grounds

20 for relief and as to the recommendation that he be denied a certificate of appealability.

21

**SIXTH AMENDMENT AND RIGHT TO PRESENT A DEFENSE**

22      Petitioner objects to the Magistrate Judge's finding that his Sixth Amendment right to

23 present a defense was not violated.  The Magistrate Judge found the Sixth Amendment was not

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 2

1  violated because the proffered evidence was "speculative and does not connect the other person

2  to the Thurston County crime that was before the state court. The state court's ruling did not

3  render the proceedings fundamentally unfair and does not form the basis for habeas relief." Dkt.

4  26 pp. 12.  Contrary to Petitioner's assertions, this finding is consistent with the standard set

5  forth in *Holmes v. South Carolina*, 547 U.S. 319 (2006), and *Chia v. Cambra*, 360 F.3d 997 (9th

6  Cir. 2004).  Unlike *Holmes* and *Chia*, Petitioner offered no evidence of third-party guilt.  The

7  offer of proof relied upon sheer speculation.  There was nothing connecting the third-party with

8  the murder, the murder scene, or even the municipality where the murder occurred.  Thus, the

9  exclusion of the proffer was neither contrary to, nor an unreasonable application of, clearly

10  established Supreme Court precedent.  Petitioner's Sixth Amendment claim fails.

**INEFFECTIVNESS ASSISTANCE OF COUNSEL**

11

12       The Magistrate Judge found that Petitioner failed to fairly present his ineffectiveness

13  claim to the state courts and the claim is now procedurally barred.  Petitioner's objection to this

14  finding is without merit.  As detailed in the Report and recommendation, the record shows that

15  Petitioner attempted to raise this claim for the first time in his motion for discretionary review

16  from the denial of his first personal restraint petition.  Because the claim was not raised in his

17  underlying personal restraint petition, it could not be raised in discretionary review.  Dkt. 26 pp.

18  13-15.  Petitioner failed to fairly present his ineffectiveness claim to the state courts and the

19  claim is now procedurally barred.

**ACTUAL INNOCENCE**

20

21       The Magistrate Judge found that Petitioner "has not presented evidence actual innocence

22  sufficient for this Court to conclude that no reasonable juror would have found the defendant

23  guilty." Dkt. 26 pp. 17.  This finding is supported by the record and complies with the standard

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 3

1   set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (actual innocence "does not merely require

2   a showing that a reasonable doubt exists in the light of the new evidence, but rather that no

3   reasonable juror would have found the defendant guilty."). Petitioner did not present any

4   evidence that affirmatively excludes him from guilt, but simply attempted to place responsibility

5   on a third-party without any evidence placing that party at the crime scene at the time of the

6   murder. Petitioner's objection is without merit.

7                              **CERTIFICATE OF APPEALABILITY**

8         Petitioner objects to the Magistrate Judge's conclusion that Petitioner is not entitled to a

9   certificate of appealability. A certificate of appealability may issue only if a petitioner has made

10  "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A

11  petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

12  district court's resolution of his constitutional claims or that jurists could conclude the issues

13  presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

14  U.S. 322, 327 (2003). Petitioner has not met this burden.

15                                        **CONCLUSION**

16        For the foregoing reasons, it is hereby **ORDERED**:

17        1.  The Report and Recommendation (Dkt. 26) is **ADOPTED.**

18        2.  The Petition for Writ of Habeas Corpus (Dkt. 1 & 23) is **DENIED**.

19        3.  A Certificate of Appealability is **DENIED**.

20        Dated this 21st day of December, 2011.

21

22

23                                    ROBERT J. BRYAN
                                      United States District Judge

24
     ORDER ADOPTING REPORT AND
     RECOMMENDATION DENYING PETITION FOR
     WRIT OF HABEAS CORPUS AND DENYING
     CERTIFICATE OF APPEALABILITY- 4