UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN DOUGLAS KAUFMAN,<br><br>               Petitioner,<br><br>   v.<br><br>PAT GLEBE,<br><br>               Respondent. | CASE NO. C10-5445 RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

     This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 26. The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied. *Id*. Petitioner has filed objections to the Report and Recommendation. Dkt. 27. The Respondent has filed a response to Petitioner's objections. Dkt. 28. The Court has considered the relevant documents and conducted a *de novo* review of the record.

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 1

# INRODUCTION AND BACKGROUND

Petitioner Stephan Douglas Kaufman is a Washington state prisoner who was convicted by jury verdict of murder in the second degree and two counts of rape of a child in the third degree. He was originally sentenced to a total of 285 months, but following remand the sentence was reduced to 244 months. After pursuing state remedies, Petitioner filed a petition for writ of habeas corpus and an amended petition under 28 U.S.C. § 2254 with this Court. Dkt. 1 & 23.

Petitioner raises three grounds for relief: (1) Petitioner challenges an evidentiary ruling denying the admission of circumstantial evidence that petitioner claims shows another person committed the murder; (2) Petitioner claims ineffective assistance of trial counsel because, allegedly, his counsel did not investigate the involvement of another person; (3) Petitioner also claims actual innocence. The Magistrate Judge found the first ground for relief to be without merit because Petitioner fails to link the other person to the murder. His second ground for relief is unexhausted and procedurally barred. As to the third ground for relief, Petitioner fails to show actual innocence. Dkt. 26 pp. 9-19. The Magistrate Judge further found that Petitioner was not entitled to a certificate of appealability because he failed to demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Dkt. 26 pp. 18-19.

Petitioner objects to the Magistrate's Report and Recommendation as to the three grounds for relief and as to the recommendation that he be denied a certificate of appealability.

# SIXTH AMENDMENT AND RIGHT TO PRESENT A DEFENSE

Petitioner objects to the Magistrate Judge's finding that his Sixth Amendment right to present a defense was not violated. The Magistrate Judge found the Sixth Amendment was not

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 2

violated because the proffered evidence was "speculative and does not connect the other person to the Thurston County crime that was before the state court. The state court's ruling did not render the proceedings fundamentally unfair and does not form the basis for habeas relief." Dkt. 26 pp. 12. Contrary to Petitioner's assertions, this finding is consistent with the standard set forth in *Holmes v. South Carolina*, 547 U.S. 319 (2006), and *Chia v. Cambra*, 360 F.3d 997 (9th Cir. 2004). Unlike *Holmes* and *Chia*, Petitioner offered no evidence of third-party guilt. The offer of proof relied upon sheer speculation. There was nothing connecting the third-party with the murder, the murder scene, or even the municipality where the murder occurred. Thus, the exclusion of the proffer was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Petitioner's Sixth Amendment claim fails.

## INEFFECTIVNESS ASSISTANCE OF COUNSEL

The Magistrate Judge found that Petitioner failed to fairly present his ineffectiveness claim to the state courts and the claim is now procedurally barred. Petitioner's objection to this finding is without merit. As detailed in the Report and recommendation, the record shows that Petitioner attempted to raise this claim for the first time in his motion for discretionary review from the denial of his first personal restraint petition. Because the claim was not raised in his underlying personal restraint petition, it could not be raised in discretionary review. Dkt. 26 pp. 13-15. Petitioner failed to fairly present his ineffectiveness claim to the state courts and the claim is now procedurally barred.

## ACTUAL INNOCENCE

The Magistrate Judge found that Petitioner "has not presented evidence actual innocence sufficient for this Court to conclude that no reasonable juror would have found the defendant guilty." Dkt. 26 pp. 17. This finding is supported by the record and complies with the standard

set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). Petitioner did not present any evidence that affirmatively excludes him from guilt, but simply attempted to place responsibility on a third-party without any evidence placing that party at the crime scene at the time of the murder. Petitioner's objection is without merit.

**CERTIFICATE OF APPEALABILITY**

Petitioner objects to the Magistrate Judge's conclusion that Petitioner is not entitled to a certificate of appealability. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not met this burden.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED**:

1. The Report and Recommendation (Dkt. 26) is **ADOPTED.**

2. The Petition for Writ of Habeas Corpus (Dkt. 1 & 23) is **DENIED**.

3. A Certificate of Appealability is **DENIED**.

Dated this 21st day of December, 2011.

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 4